IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 07-0031
_____

IN THE MATTER OF THE PETITION FOR        )
AMENDMENT OF THE MONTANA RULES           )        O R D E R
OF EVIDENCE                              )
_____

On January 16, 2007, the duly appointed Montana Commission on Rules of Evidence (the Commission) filed with this Court a Petition for Amendment of the Montana Rules of Evidence (Rules). The Petition was filed following meetings of the Commission and its acceptance of testimony and writings from interested parties both supportive of and opposed to the proposed rule changes.

In its Petition, the Commission recommends the adoption of four proposed changes to the Rules. They are:

(A)    A revision of Rule 407 to comport with Federal Rule 407 and our holding in *Rix v. General Motors*, 222 Mont. 318, 329-30, 723 P.2d 195, 202-203 (1986). The revised Rule 407 would read as follows:

> Rule 407. Subsequent remedial measures.
> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

(B)    An amendment to Rule 803(8) to delete the last sentence thereof, in accordance with our decisions in *State v. Clark*, 1998 MT 221, 290 Mont. 479, 964 P.2d 766, ¶ 30, and *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004). Rule 803(8) as revised would read as follows:

1

(8) Public Records and Reports. To the extent not otherwise provided in this paragraph, records, reports, statements, or data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law. The following are not within this exception to the hearsay rule: (i) investigative reports by police and other law enforcement personnel; (ii) investigative reports prepared by or for a government, a public office, or an agency when offered by it in a case in which it is a party; (iii) factual findings offered by the government in criminal cases; (iv) factual findings resulting from special investigation of a particular complaint, case, or incident; and (v) any matter as to which the sources of information or other circumstances indicate lack of trustworthiness.

(C)    An amendment to Rule 804(b) to add the language contained in Federal Rule 804(b)(6), termed the "forfeiture by wrongdoing" provision. Proposed Rule 804(b)(6) is set forth below:

Rule 804. Hearsay exceptions: declarant unavailable.
. . .
(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
. . .
(6) Forfeiture by wrongdoing. A statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness.

(D)    An amendment to Rule 806 to delete a misplaced comma in the first sentence between (2) and (C), so that the rule would now read as follows:

Rule 806. Attacking and Supporting the Credibility of a Declarant.
When a hearsay statement, or a statement defined by Rule 801(d)(2)(C), (D), or (E) has been admitted in evidence, the credibility of the declarant may be attacked and, if attacked, may be supported by any evidence which would be admissible for those purposes if the declarant had testified as a witness.

On June 20, 2007, at a public meeting of the Montana Supreme Court following duly published notice, the Court discussed the Commission's proposal to amend Rules

407, 803(8), and 806. The Court determined that discussion of the proposed amendment to Rule 804(b) would be postponed to a future date and time, following duly published notice. Peggy Tonon, Chairperson of the Commission, spoke in favor of our adoption of the amendments to the three foregoing rules. There being no opposition, and following discussion, the Court voted unanimously to adopt the proposed amendments to Rules 407, 803(8) and 806, MRE, as set forth above.

Accordingly, and pursuant to the authority vested in this Court under Article VII, § 2(3) of the Montana Constitution,

IT IS HEREBY ORDERED that Rules 407, 803(8) and 806 are AMENDED, as set forth herein, effective October 1, 2007.

IT IS FURTHER ORDERED that a copy of this Order be electronically published on the State Bar of Montana website, http://www.montanabar.org, and on the website for the State of Montana Law Library, http://www.courts.mt.gov/library, and that a copy of this Order be published in the next available issue of *The Montana Lawyer*.

IT IS FURTHER ORDERED that a copy of this Order be served by electronic transmission to: the Executive Director of the State Bar of Montana; the editor of *The Montana Lawyer*; the State Law Librarian; the Code Commissioner for the State of Montana; all Clerks of the District Court; and all District Judges. In addition, a hard copy of this Order shall be served by U.S. mail on the President of the Montana Judges' Association; and the President of the Montana Magistrates' Association.

DATED this 20th day of June, 2007.

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS